Opinion issued March
3, 2011.

 

 

 

 

 

 

 

 

 



 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-01088-CR

____________

 








CHARLES THORNTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1275285

 

 



MEMORANDUM
OPINION








          Appellant,
Charles Thornton, pleaded guilty to the offense of felony theft and pleaded “true”
to the allegations in two felony enhancement paragraphs.  The trial court found appellant guilty, found
the enhancements true, and, in accordance with the terms of appellant’s plea
agreement with the State, sentenced appellant to confinement for 5 years.  Appellant filed a pro se notice of appeal.  We dismiss the appeal. 

In a plea-bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record. 
Tex. R. App. P.
25.2(d).  

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification states
that this is a plea-bargain case and that the defendant has no right of appeal.
 See
Tex. R. App. P.
25.2(a)(2).  Appellant did not appeal any
pre-trial matters, and the trial court did not give permission for appellant to
appeal.  See id. The record supports the trial court’s certification. See Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005).  Because
appellant has no right of appeal, we must dismiss this appeal.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Keyes, Sharp, and Massengale.

 

Do not publish. 
Tex. R. App. P. 47.2(b).